FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KOHL R. ST. PETER,<br><br>         Plaintiff,<br><br>   v.<br><br>FRANKLIN COUNTY; JIM RAYMOND, Sheriff; and LEE BARROW, Detective,<br><br>         Defendants. | No. 4:22-cv-05029-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION AND MOTION FOR FIRST AMENDED PLEADING<br><br>**ECF Nos. 15, 22, 25, 28** |

Before the Court is Defendants' Motion to Dismiss and/or for Summary Judgment, ECF No. 15. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants Defendants' motion to dismiss and/or for summary judgment, ECF No. 15; denies Plaintiff's motion to strike Defendants' motion for summary judgment, ECF No. 22; denies Plaintiff's motion for first amended pleading, ECF No. 25; and denies as moot Defendants' Motion to Expedite Hearing on Status of Case, ECF No. 28.

ORDER - 1

# BACKGROUND

## A. Procedural History

Plaintiff, a former police officer with the Connell Police Department, filed a *pro se* Complaint alleging Section 1983 violations against Defendants Franklin County, Franklin County Sheriff Jim Raymond, and Franklin County Detective/Connell Mayor Lee Barrow.  ECF No. 1.  Specifically, he alleges that Defendants violated his rights under the First, Second, and Fourth Amendments of the U.S. Constitution.  ECF No. 1 at 3.  These allegations arise out of five incidents taking place in 2017 through 2019, in which Plaintiff was investigated for incidents involving his ex-wife and father, and at a town hall meeting.  *Id.* at 7-9.  Plaintiff ultimately was terminated from his job as a police officer.  *Id.*[1]  Plaintiff proffers that Defendants "acted outside their Oath and Under Color of Law, causing Mental Anguish, Emotional Distress, Pain and Suffering, Loss of Career Earnings and

---

[1] Previously, Plaintiff filed a tort claim with Franklin County after November 10, 2019, and the County declined the tort claim on December 15, 2021.  ECF No. 17 at 5-7.  Plaintiff's Complaint is based on the same five incidents that he alleged in his tort claim.  *Compare* ECF No. 1 at 7-9, *with* ECF No. 17 at 5-7.

ORDER - 2

Benefits," and loss of consortium.  *Id.* at 5.  Plaintiff seeks $5,000,000 in damages. *Id.*

Defendants filed a Motion for Summary Judgment and/or Dismissal, ECF No. 15, and concurrently provided Plaintiff with a Notice of Dismissal Motion, ECF No. 14.  Plaintiff filed a Motion to Strike Defendants' Motion for Summary Judgment, ECF No. 22, and Defendants responded, ECF No. 23.  Plaintiff filed a Motion for First Amended Pleading, ECF No. 25, and Defendants responded, ECF No. 26.

**B. Summary of Allegations**

*1. Incident 1*

On December 15, 2017, Plaintiff's ex-wife initially contacted the Connell Police Department, which referred the matter to the Franklin County Sherriff's office due to Plaintiff's employment with the Connell Police Department.  ECF No. 18 at 7.  Plaintiff's ex-wife reported to the Franklin County Sheriff's Office that Plaintiff received her mail, sent by Three Rivers Family Medicine (Three Rivers), and opened it without permission.  ECF No. 1 at 7; ECF No. 18 at 7.  On December 20, 2017, a Franklin County officer spoke with Three Rivers staff, who stated the letter in question had never been mailed and they were not able to say how Plaintiff came into possession of the letter.  *Id.* at 10.  The officer then, after reading Miranda warnings, questioned Plaintiff in his home regarding the mail.

ORDER - 3

ECF No. 1 at 4, 7; ECF No. 18 at 10.  Plaintiff showed the letter to the officer, and the envelope, which was addressed to Plaintiff's daughter at Plaintiff's mailing address.  ECF No. 18 at 10.  The officer then confirmed with Three Rivers that they had mailed the letter addressed to Plaintiff's daughter to Plaintiff's mailing address.  *Id.* at 13-14.  Franklin County Sheriff's Office did not file any charges against Plaintiff.  ECF No. 16 at 3; ECF No. 18 at 14.

### 2. Incident 2

On March 31, 2018,[2] Plaintiff's ex-wife initiated a complaint against Plaintiff with the Franklin County Sheriff's Office, alleging Plaintiff was attempting to harass her.  ECF No. 1 at 7; ECF No. 15 at 6-7; ECF No. 18 at 17. The Connell Police Department was notified of the allegation.  ECF No. 18 at 20. On April 4, 2018, a Franklin County Sherriff's officer questioned Plaintiff.  ECF

---

[2]Defendants' motion lists the date as March 3, 2018, ECF No. 15 at 7, however the statement of facts and police report document the incident as March 31, 2018, ECF No. 16 at 3; ECF No. 18 at 15.

ORDER - 4

No. 18 at 22.  Franklin County Sheriff's Office did not file charges.  ECF No. 16 at 3.

### 3.  Incident 3

On October 30, 2019, Plaintiff contends he exercised his First Amendment rights by meeting with the press about "a leaked memo from [Defendant] Raymond to his Deputies" to speak out about Defendants Raymond and Barrow.  ECF No. 1 at 7-8.  At this time, Plaintiff was no longer a Connell police officer.  *Id.* at 8, 10.  Plaintiff alleges that Defendant Raymond retaliated against him by advising other deputies that they could not speak with Plaintiff.  *Id.* at 8.  He further alleges that Defendants Raymond and Barrow defamed him by making false statements about him to other law enforcement and community members.  *Id.* Plaintiff proffers that he attended a town hall that Defendant Raymond held on November 10, 2019, in Connell.  *Id.*  The town hall meeting was open to public comments, and Plaintiff made comments.  During his comments, Plaintiff was heckled by audience members.  ECF No. 17 at 6.  Plaintiff alleges that at the town hall meeting, Defendant Raymond introduced Plaintiff by his full name and stated to the town hall attendees, "He is not a cop, doesn't have a badge, any arrest powers and will never be a cop again."  ECF No. 1 at 8.

Regarding Defendant Barrow, Plaintiff proffers that Defendant Barrow attended the 2019 event in his capacity as mayor.  *Id.* (referring to Defendant

ORDER - 5

Barrow as "wearing his Mayor hat").  Plaintiff contends that Defendant Barrow,

acting as mayor, tampered with and concealed public records, including emails

from Defendant Raymond.  *Id.* at 10.  Sometime after the November 2019 town

hall, Plaintiff submitted his tort claim to Franklin County, in which he alleged

Defendants engaged in wrongdoings at the town hall meeting and later impeded an

investigation.  *Id.*  The County declined the claim in an emailed letter in December

2021.  *Id.*; ECF No. 17 at 5-7.

### 4. Incident 4

On April 28, 2018, Plaintiff was at a dental office with his daughter when he

reported he was assaulted by his ex-wife's boyfriend, Mr. Nelson.  ECF No. 1 at 8-

9; ECF No. 21 at 8.  Both Plaintiff and his ex-wife called 911 to report an assault.

ECF No. 17 at 6; ECF No. 21 at 8.  Plaintiff alleges that he punched Mr. Nelson in

response to Mr. Nelson pushing him.  ECF No. 21 at 8.  There were variations in

the stories between the individuals involved, including varying details as to

whether Plaintiff had a gun on him and pointed it at his ex-wife.  ECF No. 1 at 7-8;

ECF No. 21 at 8.  No charges were filed.  ECF No. 17 at 6; ECF No. 21 at 8.

Plaintiff alleges Defendant Barrow interfered with the Kennewick Police

ORDER - 6

Department regarding the investigation into the assault.  ECF No. 1 at 8-9; ECF
No. 17 at 6-7.

  5. *Incident 5*

On May 24, 2018, Plaintiff and his father were investigated regarding wood
stolen from a church.  ECF No. 1 at 9; ECF No. 19 at 7; ECF No. 20 at 8.  Plaintiff
reports his father was previously allowed to take the firewood.  ECF No. 1 at 9.
The investigation was completed by Adams County, due to a conflict of interest.
ECF No. 17 at 7.  Plaintiff was read his Miranda rights and he and his father were
questioned on May 27, 2018.  ECF No. 19 at 8-9.  Plaintiff's father admitted to
taking the wood.  *Id.*; ECF No. 1 at 9.  The church expressed they did not want to
pursue charges.  ECF No. 1 at 9; ECF No. 17 at 8-9, 12.  On June 1, 2018,
Defendant Barrow requested a supplemental report with more details, and the
investigator provided a report that included additional information about
conversations that took place before and after the interview.  ECF No. 1 at 9; ECF
No. 17 at 12.  The supplemental report details Plaintiff's discussion of his personal
challenges and use of profanity before and during meeting with the investigator.
ECF No. 17 at 12-13.  No charges were filed.  *Id.* at 5, 7.

Plaintiff was fired from his role as a police officer.  Plaintiff contends that
Defendant Barrow used his position as mayor to fire Plaintiff "without due
process," while Defendant Barrow was also a Franklin County detective due to the

ORDER - 7

firewood-related incident and the preceding incident at the dental office.  ECF No. 1 at 8-10.

## LEGAL STANDARD

### A. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.*  A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### B. Summary Judgment

A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019).  "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' [that] demonstrate the absence of a genuine dispute of material fact."  *Celotex*, 477 U.S. at 323 (quoting former Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, to survive summary judgment, the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, or admission on file "specific facts showing that there is a genuine [dispute of material fact] for trial."  *Id.* at 324.

The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor."  *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ."  *Anderson*,

477 U.S. at 255. "Summary judgment is improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.'" *Fresno Motors*, 771 F.3d at 1125 (quoting *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006)).

A *pro se* litigant's contentions offered in motions and pleadings are properly considered evidence "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [a litigant] attest[s] under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a *pro se* plaintiff's verified pleadings must be considered as evidence in opposition to summary judgment). Conversely, unverified pleadings are not treated as evidence. *Contra Johnson v. Meltzer*, 134 F.3d 1393, 1399-400 (9th Cir. 1998) (verified motion swearing that statements are "true and correct" functions as an affidavit); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (pleading counts as "verified" if drafter states under penalty of perjury that the contents are true and correct). Although *pro se* pleadings are held to less stringent standards than those prepared by attorneys, *pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

ORDER - 10

**DISCUSSION**

**A. Motion to Continue**

On October 20, 2022, Plaintiff moved to strike Defendants' motion for summary judgment, pursuant to "Rule 11(b)(1)(3)." ECF No. 22 at 1. For the reasons discussed *infra*, the Court finds Plaintiff's Rule 11 sanction contentions are meritless. The Court construes Plaintiff's motion to strike as a motion to continue pursuant to Rule 56(d).

When the nonmoving party to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2). The district court may also defer the motion for summary judgment, deny it, or issue any other order it finds appropriate. Fed. R. Civ. P. 56(d)(1), (3). A Rule 56(d) motion may be denied when the party seeking deferral has not diligently sought discovery or additional discovery would be futile or irrelevant to the dispute. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 57 F.3d 1424, 1436 (9th Cir. 1995).

Plaintiff contends additional time is necessary to obtain witness statements, and states cooperation is needed from Defendants for discovery. ECF No. 22 at 4. However, Plaintiff did not file an affidavit nor a declaration that sets forth specific

ORDER - 11

reasons as to why he was unable to present facts essential to justify the opposition of the motion for summary judgment.  Further, additional discovery would be futile as Plaintiff does not contest that most of his allegations are barred by the statute of limitations, as discussed *infra*.  As such, the Court denies Plaintiff's motion to continue.

The Court notes that Plaintiff requested an oral argument on his motion to strike.  ECF No. 22 at 1.  The Court may find oral argument is not warranted and proceed to determine any motion without oral argument.  LCivR 7(i)(3)(B)(iii).  Plaintiff's motions were not responsive to the content of Defendants' motion for summary judgment.  *See* ECF Nos. 22, 25.  Plaintiff's motion to strike does not satisfy the requirements of the federal rules nor the local rules.  *See* Fed. R. Civ. P. 56(d)(2); LCivR 56(c)(1)(B).  For the reasons discussed herein, the Court finds oral argument is not necessary to resolve the motions.

**B. Statute of Limitations**

Defendant contends four of Plaintiff's claims are barred by the statute of limitations.  ECF No. 15 at 5-8.  The statute of limitations in a § 1983 action may serve as a proper ground for dismissal under Federal Rule of Procedure 12(b)(6).  *See Watts v. Graves,* 720 F.2d 1416, 1422-23 (5th Cir. 1983).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings, therefore the running of the statute of limitations must be apparent on the face of the complaint.  *Von Saher v.*

*Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010)

(citing *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)).  If the

statute of limitations defense does not appear on the face of the complaint, it can be

raised by a motion to dismiss accompanied by affidavits and treated as a motion

for summary judgment.  *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir.

1980).  If a motion under Rule 12(b)(6) or 12(c) is presented with matters outside

the pleadings, and not excluded by the court, the motion must be treated as a

motion for summary judgment and all parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion.  Fed. R. Civ.

P. 12(d).

Under 42 U.S.C. § 1983, civil liability flows from a person acting under

color of state law to deprive a plaintiff "of any rights, privileges, or immunities"

protected by the U.S. Constitution and federal laws.  42 U.S.C. § 1983; *see also*

*West v. Atkins*, 487 U.S. 42, 48 (1988).  State law governs the timeliness of a

§ 1983 claim.  *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022).  As such, a § 1983

claim must commence within the statute of limitations for personal injury actions

in the state where the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387

(2007).  In Washington, a personal injury action expires at three years.  RCW §

ORDER - 13

4.16.080(2); *see also Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Whereas state law sets the outer limits of the statute of limitations, federal law determines when a statute of limitations begins to run. *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008). This date is synonymous with the "accrual" of a § 1983 claim, meaning the date "the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012). Even if the plaintiff does not know the full extent of the injury, the cause of action accrues. *Wallace*, 549 U.S. at 391.

In this case, the four incidents labeled as 1, 2, 4, and 5 in the Complaint, ECF No. 1 at 7-9, arose in 2017 and 2018. However, only incidents 1, 2, and 4 are dated in the Complaint; incident 5 is undated. *Id.* at 4, 7-9. Plaintiff states that he was fired due to incidents 4 and 5. *Id.* at 10. Plaintiff's Complaint indicates his job ended 14 months prior to September 2021. *Id.* at 8. Therefore, Plaintiff was fired in approximately July 2020. As Plaintiff alleges he was fired in part due to Incident 5, the incident would have taken place prior to the firing. The allegations presented in the Complaint demonstrate that incidents 1, 2, and 4 are time-barred, as discussed *infra,* but the Court cannot discern from the Complaint how much time prior to July 2020 incident 5 took place, and as such it is not clear from the face of the Complaint whether incident 5 is time-barred. As the Court must look

ORDER - 14

outside the Complaint for evidence incident 5 fell beyond the statute of limitations, the Court considers the statute of limitations issue under Rule 56(a) rather than Rule 12(b)(6).

The first incident occurred on December 20, 2017, when the Franklin County Sheriff's Office contacted Plaintiff regarding his ex-wife's complaint that he was illegally opening her mail. ECF No. 1 at 4, 7; ECF No. 18 at 7, 10. Plaintiff was not charged. ECF No. 16 at 3. The second incident occurred on April 4, 2018, ECF No. 1 at 4, when Plaintiff interviewed with Franklin County Sheriff's Office about his ex-wife's report of harassing text messages, ECF No. 18 at 17, 22. Again, Plaintiff was not charged. ECF No. 16 at 3. Incident four took place on April 28, 2018, when Plaintiff and his ex-wife reported a conflict at a dental office. ECF No. 1 at 4; ECF No. 21 at 8, 11. No one from the incident was charged. ECF No. 21 at 18, 20.

While incident five is undated in the Complaint, Plaintiff describes the incident as involving an investigation into the theft of firewood from a church. ECF No. 1 at 9. Plaintiff's description matches the Connell Police Department incident/investigation report, which states the investigation into the firewood theft took place on May 14, 2018. ECF No. 20 at 5. An external investigator assisted Connell police in investigating the reported theft of firewood. ECF No. 1 at 8-9; ECF No. 20 at 8. The external investigator interviewed Plaintiff on May 24, 2018

ORDER - 15

1  and indicated the investigation was closed on May 27, 2018.  ECF No. 19 at 9.

2  Plaintiff filed his Complaint on March 4, 2022.  ECF No. 1 at 1.

3       Plaintiff was given notice of the motion for summary judgment, ECF No. 14,

4  and had an opportunity to provide responsive evidence and failed to do so, ECF

5  Nos. 22, 25.  In Plaintiff's motion to strike, ECF No. 22, he does not respond to

6  Defendants' argument that the claims are time-barred but asserts that Defendants'

7  motion "is a premature filing in Bad Faith."  *Id.* at 1-2.  He also contends that he

8  notified defense counsel on September 20, 2022 of Defendant Raymond's

9  "continued misconduct" from December 2021 to September 15, 2022.  *Id.* at 2-3.

10  Plaintiff neither filed this notification for the Court's review nor proffered any

11  other information to support this allegation of misconduct.  *See id.* at 3.

12       Plaintiff filed his Complaint on March 4, 2022, ECF No. 1 at 1, more than

13  three years after the four incidents in 2017 and 2018.  No genuine dispute exists as

14  to the dates of these incidents, which are either listed in the Complaint or

15  thoroughly documented through law enforcement reports that Defendants proffered

16  in moving for summary judgment.  *See* ECF Nos. 18-21.  Any cause of action

17  accrued—thus beginning the statute of limitations—on the date he interacted with

18  law enforcement for each incident.  On these dates, Plaintiff knew or had reason to

19  know of any alleged violation to his federal rights.

20

ORDER - 16

1    Neither party addressed whether the doctrine of equitable tolling is

2    applicable to this case.  For federal court claims brought under § 1983, the state

3    law governs tolling.  *Wilson v. Garcia,* 471 U.S. 261, 269 (1985).  Under RCW

4    4.96.020(4), claims are tolled for 60 days when the plaintiff files a pre-suit tort

5    claim.  *Wyant v. Lynnwood,* 621 F.Supp.2d 1108, 111 (W.D. Wash. 2008); *Syvyy v.*

6    *Wawrzycki,* No. C10-5073-RBL, 2010 WL 2545452, at *4 (W.D. Wash. June 21,

7    2010).  The claim is timely filed if it is commenced within five court days after the

8    60-calendar day period has elapsed.  RCW 4.96.020(4).  The latest of the four

9    incidences took place on May 24, 2018; even applying the tolling period, the

10   statute of limitations ran on July 28, 2021.  Therefore, his § 1983 claims as to

11   incidents 1, 2, 4, and 5 are time-barred and dismissed with prejudice.

12   **C. Section 1983 Claim**

13      Plaintiff alleges Defendants have violated his "Constitutional Rights."  ECF

14   No. 1 at 7-10.  Defendant contends Plaintiff has failed to state a 1983 claim.  ECF

15   No. 15 at 8-9.  Section 1983 requires a claimant to prove (1) a person acting under

16   color of state law (2) committed an act that deprived the claimant of some right,

17   privilege, or immunity protected by the Constitution or laws of the United States.

18   *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another

19   "of a constitutional right, within the meaning of section 1983, if he does an

20   affirmative act, participates in another's affirmative acts, or omits to perform an act

ORDER - 17

which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  If there is no constitutional violation, the inquiry ends and the individual is entitled to qualified immunity.  *Ioane v. Hodges*, 939 F.3d 945, 950 (9th Cir. 2018).

The four incidents discussed *supra* cannot be the basis of a 1983 claim as the statute of limitations have expired, thus only incident 3 is considered.  As to incident 3, Plaintiff alleges that in response to Plaintiff speaking with the press, Defendant Raymond instructed deputies to not associate with Plaintiff, and he insulted and attempted to intimidate Plaintiff at a town hall meeting.  ECF No. 1 at 7-8.  Plaintiff alleges that Defendant Barrow tampered with public records, including emails from Defendant Raymond.  *Id.* at 10.  Plaintiff also alleges Defendants defamed him.  *Id.* at 8.

Plaintiff's allegations do not explain how Defendant Raymond nor Defendant Barrow engaged in an act that deprived Plaintiff of a constitutional right.  Plaintiff alleges Defendant Raymond "attempted to intimidate" him from exercising his "Constitutional Rights."  *Id.* at 8.  However, Plaintiff makes only a bare assertion that Defendant Raymond acted in a manner impacting his constitutional rights.  Plaintiff does not explain what act(s) Defendant Raymond engaged in nor how the act(s) deprived Plaintiff of a constitutional right.  Plaintiff alleges Defendants made false statements which defamed him, *id.* at 8, 10,

ORDER - 18

1    however an allegation of harm to one's reputation alone is not a recoverable injury

2    in a section 1983 action.  *See Paul v. Davis*, 424 U.S. 693, 712, (1976).  The injury

3    to reputation must be coupled with an injury to a liberty or property interest

4    protected by the due process clause of the Fourteenth Amendment.  *See id.* at 703.

5        As the Court must liberally construe Plaintiff's Complaint, to the extent

6    Plaintiff appears to be alleging that Defendant Raymond defamed him in retaliation

7    for exercising his First Amendment rights, this is also not an actionable section

8    1983 claim.  *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th

9    Cir. 1994); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Plaintiff

10   alleges Defendants' actions were "intended to destroy" his career, ECF No. 1 at 10,

11   however Plaintiff's allegations under claim 3 relate to the time period after

12   Plaintiff's employment had already ended.  There is thus no tie between the alleged

13   defamation in claim 3 and Plaintiff's reported loss of career.

14       Plaintiff also alleges Defendant Barrow fired him without due process.  ECF

15   No. 1 at 10.  However, Plaintiff offers only a conclusory statement and no facts to

16   support the contention.  *Id.*  Plaintiff has not set forth an explanation that, if

17   accepted as true, states a claim to relief that is plausible on its face.  The

18   allegations do not demonstrate all material elements of a section 1983 claim are

19   satisfied.

20

ORDER - 19

Plaintiff also alleges Defendant Barrow concealed evidence in 2021, *id.*, but there again is no factual connection between the allegation and how Defendant Barrow allegedly deprived Plaintiff of a protected right.  Even accepting Plaintiff's factual allegations in the Complaint as true and construing the pleadings in the light most favorable to Plaintiff, Plaintiff has failed to state a claim upon which relief may be granted.

Defendants also contend that (1) Plaintiff has failed to allege any municipal liability and thus, any section 1983 claim against Franklin County must be dismissed; and (2) Defendants are entitled to qualified immunity.  ECF No. 15 at 11-12, 15.  As the Court dismisses the matter on other grounds, the Court declines to address these additional issues.

**D. Conspiracy Claim**

Plaintiff alleges Defendants Raymond and Barrow conspired together and engaged in misconduct that violated Plaintiff's constitutional rights.  ECF No. 1 at 10.  To the extent Plaintiff has alleged a conspiracy claim, Defendants contend Plaintiff has failed to state a conspiracy claim.  ECF No. 15 at 10-11.  A conspiracy in violation of section 1983 requires proof of 1) an agreement between the defendants to deprive the plaintiff of a constitutional right; 2) an overt act in furtherance of the conspiracy; and 3) a constitutional violation.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999) (en banc). Claims 1, 2, 4, and 5

are time barred and thus cannot be the basis of a conspiracy claim.  The facts set forth in claim 3 do not meet the elements of a conspiracy claim.  Plaintiff has not alleged that Defendants agreed to deprive Plaintiff of a right, he has not explained what right was allegedly violated, and has not explained what act(s) Defendants took in furtherance of the conspiracy.  Even accepting Plaintiff's factual allegations in the Complaint as true and construing the pleadings in the light most favorable to Plaintiff, Plaintiff has failed to state a claim upon which relief may be granted.

**E. Other Claims**

Plaintiff contends Defendants violated his Second and Fourth Amendment rights.  ECF No. 1 at 3.  However, none of allegations in the Complaint allege a deprivation of Plaintiff's Second nor Fourth Amendment rights.  There is no discussion of any allegations implicating the Second Amendment.  Plaintiff alleges he was questioned by an officer in incidents 1, 2, 4, and 5.  *Id.* at 7-9.  To the extent Plaintiff's allegations could be construed as a Fourth Amendment claim, Plaintiff has not set forth any facts to support a Fourth Amendment violation occurred and thus fails to state a claim.  Although Defendant did not address Plaintiff's bare assertions that his Second and Fourth Amendment rights were violated, the Court may dismiss a claim *sua sponte* under Federal Rule 12(b)(6).

ORDER - 21

*See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).  The Court finds Plaintiff

has failed to state a Second Amendment and Fourth Amendment claim.

### F.  Rule 11

Plaintiff requests this Court admonish and sanction Defendants' counsel.

ECF No. 22 at 1-4.  Plaintiff contends Defendants' counsel was not candid with the

Court and violated Local Rule 83.1 and Washington Rule of Professional Conduct

3.4.  *Id.*  Plaintiff asks the Court to strike Defendants' motion for summary

judgment, pursuant to "Rule 11(b)(1)(3)."  *Id.* at 1.  As discussed *supra,* Plaintiff's

requested relief falls under Rule 56(d), not Rule 11.  To the extent Plaintiff

requests other relief under Rule 11, the Court denies Plaintiff's request.

Defendants' counsel filed a supported motion for summary judgment, as discussed

herein.  Plaintiff alleges counsel has violated the local rule on civility but does not

offer any explanation as to how counsel allegedly violated the rule.  Counsel has

submitted an affidavit to support his contention that he did not violate any rules.

ECF No. 24.  There is no evidence counsel was unfair or uncivil to *pro se* Plaintiff.

### G. Motion to Amend the Complaint

On February 27, 2023, Plaintiff moved to amend his complaint, ECF No. 25.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before

trial.  Rule 15(a)(1) provides that a party may amend a complaint once as a matter

of course within 21 days of service, or within 21 days of being served with an

ORDER - 22

answer or a motion to dismiss, whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(A),

(B).  "In all other cases, a party may amend its pleading only with the opposing

party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  In deciding

whether leave to amend is appropriate, a court must consider whether the moving

party acted in bad faith or unduly delayed in seeking amendment, whether the

opposing party would be prejudiced, whether an amendment would be futile, and

whether the movant previously amended the pleading.  *United States v. Corinthian

Colls*., 655 F.3d 984, 995 (9th Cir. 2011).  A *pro se* litigant must be given leave to

amend their complaint unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment.  *Alexander v. Jeffries*, 12 F.3d 1105

(9th Cir. 1993) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Plaintiff moves to amend his complaint more than 11 months after filing his

complaint, more than nine months after Defendants filed their answer, and more

than five months after Defendants moved for summary judgment.  As such,

Plaintiff is not entitled to an amendment as a matter of course.  *See* Fed. R. Civ. P.

15(a)(1).  Plaintiff may only amend his complaint with opposing counsel's

permission or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  Defense counsel

opposes the motion.  ECF No. 26.

Plaintiff's Motion largely restates his Complaint.  ECF No. 1; ECF No. 25.

Plaintiff asserts there are individuals who could provide testimony that is

ORDER - 23

contradictory to Defendants' explanation of events.  ECF No. 25.  However, Plaintiff primarily references incidences that are time-barred, as discussed *supra*. Any amendment could not cure the statute of limitations defect, thus amendment would be futile.  As to the remaining claims, Plaintiff again fails to state a claim.

Plaintiff's Motion seeks to add additional claims, labeled "Amended Charges: #6" through "#11" but the claims are bare assertions and do not allege any factual basis to support the conclusions or state a legally cognizable claim.  *Id.* at 5-7.  Futility of amendment is sufficient to justify denial of a motion for leave to amend.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  A motion to amend is futile if, accepting all of the facts alleged as true, the amended claim would be immediately "subject to dismissal" for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *E.g., Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998).  First, as to incident 6, "Plaintiff alleges the Franklin County Prosecutors Office of Malicious Prosecution."  *Id.* at 5.  Plaintiff does not allege facts demonstrating that Defendants prosecuted him with malice and without probable cause.  *See id.*; *see also Ghebreselassie v. Coleman Sec. Serv.*, 829 F.2d 892, 899 (9th Cir. 1987) (affirming summary judgment dismissal of malicious prosecution claim under California law when plaintiff could "point to no evidence from which a fact-finder could reasonably infer that the investigators or the employer lacked

1  probable cause or that they acted with malice").  Plaintiff also has not asserted any

2  injury or damage as a result of the alleged malicious prosecution.  ECF No. 25.

3  Defendants have presented evidence that they did not engage in malicious

4  prosecution.  ECF No. 26 at 5-6; ECF No. 27.

5          Next, under incident 7, Plaintiff alleges "Witness Tampering" and "Witness

6  intimidation."  ECF No. 25 at 5-6.  A criminal charge of witness tampering does

7  not create a civil action.  *See Sutherland v. Yates,* No. 1:09-CV-02152-LJO, 2013

8  WL 5553140, at *2 (E.D. Cal. Oct. 8, 2013).  Next, under incident 8, Plaintiff

9  alleges "Evidence Tampering" and "violations of Oath."  ECF No. 25 at 5-6.  To

10 the extent Plaintiff alleges Defendants violated Federal Rule 37(e) by failing to

11 preserve and provide evidence, such an allegation does not create an independent

12 ground for a claim.  *See Bondick v. City of Eugene Police Dep't*, No. 6:19-CV-

13 00521-AA, 2019 WL 2746731, at *3 (D. Or. July 1, 2019) (citing *Unigard Sec.*

14 *Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir.

15 1992)).

16         Next, Plaintiff alleges "violations of Oath."  ECF No. 25 at 5-6.  To the

17 extent Plaintiff alleges a violation of an oath of office, such allegations do not

18 create a cause of civil action.  *See Brady v. Cnty. of Navajo*, No. CV-15-08110-

19 PCT-DJH, 2017 WL 11631021, at *3 (D. Ariz. Apr. 17, 2017).  As no amendment

20 to the tampering claims nor violation of oath of office could cure the deficiency of

ORDER - 25

grounds for a private right of action, any amendment would be futile.  *See id.*

(citing *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008)).

As to incident 9, Plaintiff also alleges retaliation in violation of his First

Amendment rights.  ECF No. 25 at 6.  To state a First Amendment retaliation

claim, a Plaintiff must plausibly allege that "(1) he was engaged in constitutional

protected activity, (2) the defendant's actions would chill a person of ordinary

firmness from continuing to engage in the protected activity and (3) the protected

activity was a substantial or motivating factor in the defendant's conduct."

*O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).  Further, the plaintiff must

establish a "casual connection" between the defendant's "retaliatory animus" and

the plaintiff's "subsequent injury."  *Nieves v. Bartlett*, 204 L. Ed. 2d 1, 139 S. Ct.

1715, 1722 (2019).  Plaintiff must establish a "but-for" cause, such that the adverse

action against the plaintiff would not have been taken but for the retaliatory

motive.  *Id.*

Plaintiff alleged that in response to Plaintiff sharing articles adverse to

Defendant and initiating the instant lawsuit, Defendant Raymond wrote a memo

that violated his constitutional rights and defamed his character.  ECF No. 25 at 6.

However, Plaintiff states he has "continually over the years" posted the messages,

indicating any action by Defendants has not caused Plaintiff to cease the speech,

and Plaintiff does not specify any other alleged harm beyond an unspecified

1    constitutional violation.  Further, as discussed *supra,* defamation is not recoverable

2    under the Civil Rights Act.  *See Paul*, 424 U.S. at 712.

3        Plaintiff also alleges "Official Misconduct," harassment, and intimidation.

4    ECF No. 25 at 6.  Plaintiff does not cite to any precedent to support his contention

5    that official misconduct is a civil cause of action.  To the extent Plaintiff's

6    statements under incidents 10 and 11 can be construed as a First Amendment

7    retaliation claim, the claim fails for the reasons discussed *supra.*  The motion fails

8    to cure any of the defects in Plaintiff's Complaint.  Plaintiff alleges Defendant

9    looked at Plaintiff in a public place, used the same restroom as Plaintiff in a public

10   place, and tried to speak with Plaintiff's family members in a public place.  *Id*.  In

11   claim 12, Plaintiff alleges Defendant Raymond wrote comments to Plaintiff and

12   Plaintiff's family members on Facebook that created an environment where no

13   citizen would feel safe to speak against Defendant Raymond.  *Id.* at 6-7.  However,

14   Plaintiff alleges Defendant Raymond wrote a single comment on Facebook to him

15   and does not demonstrate Defendant Raymond's comment had a retaliatory motive

16   that caused Plaintiff an injury.  Even accepting Plaintiff's factual allegations in the

17   Complaint as true and construing the pleadings in the light most favorable to

18   Plaintiff, Plaintiff's has failed to state a claim upon which relief may be granted.

19        Plaintiff's Complaint and Motion for First Amended Pleading largely

20   contain time-barred claims, and allegations that are not cognizable civil causes of

ORDER - 27

action.  These defects cannot be cured.  To the extent Plaintiff raises 1983

allegations that are not time-barred, Plaintiff has not stated a claim upon which

relief may be granted.

In the Ninth Circuit, *pro se* litigants who are not incarcerated are not

required to be given notice of the measures they should take to oppose a motion for

summary judgment.  *Jacobsen*, 790 F.2d at 1364.  However, Plaintiff was provided

notice of the motion for summary judgment, the response required of him, and the

impact the motion would have on Plaintiff's case if it were granted.  ECF No. 14.

The motion for summary judgment gave Plaintiff notice of the deficiencies in his

complaint.  However, Plaintiff's proposed amended complaint does not remedy the

deficiencies.  "Unless it is absolutely clear that no amendment can cure the

defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and

an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of

Corr.,* 66 F.3d 245, 248 (9th Cir. 1995).  Granting the opportunity to file another

amended complaint is futile because the facts alleged cannot support a 1983 claim

and the additional claims are not civil causes of action.  Additionally, courts are

less inclined to grant a motion for leave to amend that is filed while a motion for

summary judgment is pending.  *See Felde v. City of San Jose,* 839 F.Supp. 708,

711 (N.D. Cal. 1994).  Further, a plaintiff cannot "effectively amend [his]

Complaint by raising a new theory . . . in response to a motion for summary

ORDER - 28

judgment." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010).  As such, Plaintiff's Motion for First Amended Pleading is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment Dismissal, **ECF No. 15,** is **GRANTED.**

2. Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment, **ECF No. 22,** is **DENIED.**

3. Plaintiff's Motion for First Amended Pleading, **ECF No. 25,** is **DENIED.**

4.  Defendant's Motion for Expedited Hearing on Defendant's Motion for Updates Status of Case, **ECF No. 28**, is **DENIED as MOOT**.

5. Plaintiff's Complaint, **ECF No. 1,** is **DISMISSED** with prejudice.

6. The Clerk's Office is directed to update Plaintiff's address to the new contact information Plaintiff provided to the Court, ECF No. 25 at 8, and to mail a copy of this Order to the new address: 620 North Volland Court Kennewick, WA 99336.

ORDER - 29

1    The District Court Executive is directed to file this Order, enter judgment

2    accordingly, provide copies to counsel and *pro se* Plaintiff, and **CLOSE THE**

3    **FILE**.

4        DATED May 3, 2023.

5            *s/Mary K. Dimke*
             MARY K. DIMKE
6          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 30